UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
ARKELL COX

        Plaintiff,                               Case No.: 1:16-cv-611

        -against-

                                                **COMPLAINT**

CRAIG JERABECK, *in his official and individual capacity*
DENISE MOONEY, *in her official and individual capacity*    **JURY TRIAL DEMANDED**
BARRY DONALSON, *in his official and individual capacity*
And 5LINX ENTERPRISES, INC., *in its official capacity*

        Defendants,
_____X

    Plaintiff, ARKELL COX, through her attorneys, Norman Keith White, Esq. and Kenneth J. Montgomery, PLLC., as and for her complaint against CRAIG JERABECK, DENISE MOONEY, BARRY DONALSON and 5LINX ENTERPRISES, INC., alleges as follows:

## INTRODUCTORY STATEMENT

    1.    This is a cause of action in which Plaintiff alleges that she was subjected to sexual harassment and illegal retaliation by the individual defendants in violation of Title VII of the Civil Rights Act of 1964. Plaintiff further alleges that Defendant 5Linx Enterprises retaliated against her for complaining of sexual harassment and that Defendant 5Linx Enterprises bears vicarious liability for the acts of the individual defendants for reasons including, but not limited to, its failure to supervise its employees and its failure to have in place policies and procedures for preventing sexual harassment.

_____

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title VII and 42 U.S.C.A. § 2000e-5(f) and under the Court's pendant jurisdiction to hear claims arising under State and local law.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) and Title VII, and 42 U.S.C.A. § 2000e-5(f) as the Plaintiff's place of employment was within the district and the alleged acts of retaliation occurred within the district.

## PARTIES

4. Plaintiff is an African-American female and resident of Kings County, New York. Plaintiff is also a Platinum Senior Vice President at 5Linx Enterprises. She has been employed continuously by 5Linx Enterprises, Inc. since approximately December 2008.

5. Plaintiff is an "employee" of 5Linx Enterprises, Inc. within the meaning of 42 U.S.C. § 2000e and thus afforded protection against sexual harassment and retaliation.

6. Defendant 5Linx Enterprises is a multi-level marketing company with more than 500 employees doing business in the Eastern District and the State of New York.

7. Defendant Craig Jerabeck, at all times relevant to this complaint, is the CEO and primary stakeholder in 5Linx Enterprises, Inc.

8. At all relevant times herein, Defendant Craig Jerabeck was in a position to retaliate against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

9. Defendant Denise Mooney, at all times relevant to this complaint, is the Director of Human Resources for 5Linx Enterprises, Inc. and Defendant Craig Jerabeck's paramour.

10. Defendant Barry Donalson, at all times relevant to this complaint, is a Double Platinum Senior Vice President for 5Linx Enterprises, Inc., and Plaintiff's immediate supervisor within the meaning of 42 U.S.C. § 2000e.

## STATEMENT OF FACTS

11. From July 22, 2015 to July 26, 2015 Plaintiff attended a vacation trip sponsored by Defendant 5Linx Enterprises, Inc. in Cancun, Mexico.

12. At the time, Plaintiff held the position of Platinum Senior Vice President for 5Linx Enterprises, Inc., earning as compensation an average of Five-Thousand Dollars ($5,000) a month plus an automobile stipend.

13. Also in attendance on this trip, along with dozens of other company employees from around the country were Defendants Jerabeck and Mooney.

14. On the first evening of the trip, at the Welcoming Dinner, Plaintiff interacted briefly and cordially with Defendant Jerabeck. Plaintiff was also approached by Defendant Mooney, whom she had never met.

15. In front of approximately ten people, including Plaintiff's sister, Defendant Mooney complimented Plaintiff's breasts and inquired as to whether Plaintiff had ever had surgery to enhance their appearance.

16. Defendant Mooney then reached out and touched Plaintiff's breasts and said "Oh my God, I can't help myself."

17. In response, Plaintiff let Defendant Mooney know in no uncertain terms that the touching was unwanted. She then turned and walked away.

18. On the same trip but at a different event Defendant Mooney approached Plaintiff and attempted to dance with her in ways that Plaintiff deemed inappropriate due to unwanted touching and groping.

19. On the same trip, Plaintiff also began to receive text messages and other communications from Defendant Mooney suggesting that they spend time together.

20. Defendant Mooney at one point sent a text message to Plaintiff encouraging her to "Bring her sexy ass to the club" for a party.

21. On another occasion on the same business trip, Defendant Mooney spoke to Plaintiff and invited her to attend an event on a private island with her and Defendant Jerabeck, the implication of which was that the three of them would be alone together.

22. Approximately one month later, on or about August 19, 2015, Plaintiff embarked on another vacation sponsored by Defendant 5Linx Enterprises, Inc., this time to Dubai.

23. Also on this trip were the individual Defendants Jerabeck and Mooney.

24. The Welcoming Dinner for this trip was held on a cruise ship.

25. At this event, Plaintiff was once again approached by Defendant Mooney, who in the presence of Defendant Jerabeck, put her face up to Plaintiff's breasts and said "I just love those things."

26. On Thursday, August 20, 2015 the group went on a dessert excursion sponsored by Defendant 5Linx Enterprises. At one point on this trip, Defendant Jerabeck put his arm around Plaintiff and said to her: "It's been just she and I (referring to Defendant Mooney) for so long but we think that you're beautiful so how about it?"

27. Plaintiff responded very sternly and let the defendants know that she was offended and deeply disturbed by her proposition.

28. Later on that evening at another event, Plaintiff overheard Defendant Mooney say to another woman that her breasts "are nice but they're not Arkell's." At this point Defendant Mooney then reached out to touch Plaintiff when another woman told her not to touch Plaintiff and she responded by saying "what are you her bodyguard."

29. The group proceeded into the party at which point Defendant Jerabeck commented to Defendant Mooney: "I know, I just love her breasts, too. I wish you had breasts like Arkell."

30. On August 27, 2015, Plaintiff filed a formal complaint with 5Linx Enterprises by sending an email letter (attached hereto as Exhibit A) describing the behavior of the defendants to 5Linx President William Faucette.

31. On September 14, 2015 Plaintiff sent a request to the Economic Employment Opportunity Commission to formally file Sexual Harassment Charges against 5Linx Enterprises, Inc., and the individual defendants Jerabeck and Mooney.

32. On September 15, Defendant Donalson, Plaintiff's direct supervisor, initiated an open company-wide conference call where he publicly dismissed Plaintiff's allegations against Defendants Jerabeck and Mooney, stating in sum and substance that he (Defendant Donalson) was present when the alleged harassment occurred and that he did not witness any of what Plaintiff alleges and further that he spoke with the parties and determined that Plaintiff is not credible.

33. On September 17, 2015 Plaintiff filed a formal complaint with the EEOC against 5Linx Enterprises and Defendant Donalson alleging that they illegally retaliated against her by dismissing her claims and attempting to discredit her during the company-wide conference call.

34. Then, on September 30, 2015, Defendant Jerabeck sent a letter to Plaintiff's attorneys (Attached hereto as Exhibit B) threatening to sue her for defamation if she continued to pursue her claims against 5Linx and the individual defendants.

35. On October 23, 2015, Plaintiff formally requested that the EEOC also investigate Defendant Jerabeck for illegal retaliation.

36. On November 13, 2015, the EEOC issued a Right-to-Sue letter (Attached hereto as Exhibit C) in this matter.

37. This action is timely commenced within the ninety (90) day statutory period in which a Plaintiff in possession of a Right-to-Sue letter may bring an action.

## AS FOR A FIRST CAUSE OF ACTION

**(Sexual Harassment/Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)**

38. The foregoing paragraphs are realleged and incorporated by reference herein.

39. The conduct of the defendants as alleged at length herein constitutes sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

40. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A SECOND CAUSE OF ACTION

**(Hostile and Abusive Working Environment in Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e)**

41. The foregoing paragraphs are realleged and incorporated by reference herein.

42. The conduct of the Defendants as alleged at length herein, including but not limited to the numerous instances of inappropriate commentary and touching by Defendants Mooney and Jerabeck, subjected Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

43. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.

## AS FOR A THIRD CAUSE OF ACTION

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981)**

45. The foregoing paragraphs are realleged and incorporated by reference herein.

44. The conduct of the Defendants as alleged at length herein, including but not limited to their attempts to discredit and intimidate Plaintiff, constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

45. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

## AS FOR A FOURTH CAUSE OF ACTION

**(Violation of New York State Human Rights Law § 296)**

46. The foregoing paragraphs are realleged and incorporated by reference herein.

47. The Defendants' conduct as alleged at length herein, including but not limited to acts that contributed to the creation of a hostile work environment and the termination of Plaintiff in retaliation for reporting a hostile work environment, constitute violations of New York State Human Rights Law § 296.

48. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York State Human Rights Law § 296 causing him to suffer economic damages.

## AS FOR A FIFTH CAUSE OF ACTION

### (Violation of New York City Human Rights Law § 8-107)

49. The foregoing paragraphs are realleged and incorporated by reference herein.

50. The conduct of the Defendants as alleged at length herein, constitutes violations of New York City Human Rights Law § 8-107.

51. By engaging in the foregoing conduct, Defendants acted with malice or with reckless disregard for Plaintiff's rights under New York City Human Rights Law § 8-107.

**WHEREFORE**, the Plaintiff ARKELL COX requests that this Court enter judgment against the Defendants ordering the individual defendants to compensate Plaintiff for the sexual harassment that she was forced to endure; ordering the individual defendants to compensate Plaintiff for their illegal retaliation against her; granting any injunctive relief as may

be appropriate; awarding Plaintiff costs and reasonable attorneys' fees; and directing such other and further relief as the Court may deem proper.

Dated: February 5, 2016

    Brooklyn, NY

                                                By:     /s/ Alexis G. Padilla
                                                              ALEXIS G. PADILLA, ESQ. [AP7400]
                                                              Of Counsel to Norman Keith White, Esq.
                                                              And Kenneth J. Montgomery, PLLC.
                                                              *Attorneys for Plaintiff*
                                                              *Arkell Cox*
                                                              198A Rogers Avenue
                                                              Brooklyn, NY 11225
                                                              718-403-9261